1  Thomas Rubinsky (SBN 302002)
   Thomas.rubinsky@halpernmay.com
2  HALPERN MAY YBARRA GELBERG LLP
   550 South Hope Street, Suite 2330
3  Los Angeles, California 90071
   Telephone:  (213) 402-1900
4  Facsimile:  (213) 402-1901

5  Robert K. Kry (pro hac vice pending)
   rkry@mololamken.com
6  Jackson A. Myers (pro hac vice pending)
   jmyers@mololamken.com
7  MOLO LAMKEN LLP
   600 New Hampshire Ave., N.W., Suite 500
8  Washington, D.C. 20037
   Telephone:  (202) 556-2011
9  Facsimile:  (202) 536-2011

10 Attorneys for Petitioner
   GATE GOURMET KOREA CO., LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GATE GOURMET KOREA CO., LTD., a Korean company, <br><br> Petitioner, <br><br> v. <br><br> ASIANA AIRLINES, INC., a Korean company, <br><br> Respondent. | CASE NO. 2:24-CV-1265 <br><br> **DECLARATION OF ROBERT BRADSHAW IN SUPPORT OF PETITION TO ENFORCE ARBITRAL AWARD** |

1 **DECLARATION OF ROBERT BRADSHAW**

I, ROBERT BRADSHAW, declare and state as follows:

1. I am an international arbitration counsel with the law firm LALIVE in London, England, and a registered Solicitor in England and Wales. I represented the petitioner Gate Gourmet Korea Co., Ltd. ("Gate Gourmet") in its arbitration against Asiana Airlines, Inc. ("Asiana") that produced the award that Gate Gourmet seeks to enforce in this proceeding. I am also familiar with the set-aside proceedings that Asiana filed in the Singapore courts and with other court proceedings that have been filed in connection with the award. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify competently thereto.

2. On June 17, 2019, Gate Gourmet submitted a Request for Arbitration to the International Chamber of Commerce seeking to arbitrate its dispute with Asiana over unpaid invoices under the parties' Catering Agreement dated December 30, 2016. Gate Gourmet invoked Clause 28 of the Catering Agreement, which provides that all disputes arising out of or in connection with the Catering Agreement shall be resolved by arbitration in Singapore pursuant to the Rules of Arbitration of the International Chamber of Commerce. An arbitral tribunal was thereafter constituted consisting of Mr. J. William Rowley KC as presiding arbitrator and Mr. John Beechey CBE and Mr. Gary Born as party-nominated arbitrators.

3. On February 18, 2021, the arbitral tribunal rendered its Final Award in the arbitration. The Final Award ordered Asiana to pay KRW 28,898,427,731 in principal and interest on the outstanding invoices, plus simple interest from January 10, 2020 at the rate of 3-month KORIBOR plus 8%. The Final Award also ordered Asiana to pay costs of GBP 1,474,523.26, USD 1,087,340.87, and SGD 6,948.05, plus interest from March 4, 2021 at 5.33%. Attached hereto as **Exhibit 1** is a true and correct certified copy of the Final Award issued by the International Chamber of Commerce. I certify that the attached exhibit is a true and correct copy of the original Final Award.

-2-
DECLARATION OF ROBERT BRADSHAW

4.     On April 2, 2021, the arbitral tribunal issued an Addendum to Final Award that corrected certain clerical errors in the Final Award's dispositive section to conform to the body of the Final Award.  As so corrected, the award ordered Asiana to pay KRW 38,905,142,664 in principal and interest on the outstanding invoices, plus simple interest from October 30, 2020 at 3-month KORIBOR plus 8%.  The Addendum did not modify the costs award.  Attached hereto as **Exhibit 2** is a true and correct certified copy of the Addendum issued by the International Chamber of Commerce.  I certify that the attached exhibit is a true and correct copy of the original Addendum.

5.     On August 27, 2020, while the arbitration proceedings were ongoing, Korea's Fair Trade Commission imposed a KRW 32 billion (USD $27 million) fine on Kumho Asiana and referred its former chairman for criminal investigation for, among other things, providing unfair financial support to an affiliate by agreeing to the Catering Agreement on the condition that the counterparty would invest funds in the other affiliate.  The Commission's order was publicly reported, including in a news article titled *Kumho Asiana Fined 32 Bln Won for Unfairly Supporting Affiliate*, Yonhap News Agency, Aug. 27, 2020.  Attached hereto as **Exhibit 3** is a true and correct copy of that article.  According to more recent media reports, Kumho Asiana's former chairman and other executives were subsequently convicted of breaching their directors' duties in connection with these and other inter-affiliate transactions.  I understand that the defendants' appeals from their convictions are pending.

6.     On June 11, 2021, Asiana filed an originating summons in the Singapore High Court seeking to set aside the award.  Asiana argued principally that there had been a breach of natural justice because the tribunal failed to consider all issues placed before it, in particular, Asiana's alleged argument that the execution of the Catering Agreement reflected an "abuse of power of representation" because an Asiana affiliate also entered into a financing agreement with a Gate Gourmet affiliate.  The case was transferred to Singapore's International Commercial Court.

7. On May 27, 2022, Singapore's International Commercial Court entered a judgment dismissing the set-aside application. Attached hereto as **Exhibit 4** is a true and correct copy of the judgment. The court held that Asiana had failed to show a breach of natural justice because, in the arbitration, Asiana had not argued that there was in fact an "abuse of power of representation" or that the Catering Agreement was invalid on these grounds; at most, it had raised the potential of an "abuse of power of representation" as a reason to construe any ambiguity in the Catering Agreement in its favour. As the tribunal had concluded that the text of the Catering Agreement unambiguously favoured Gate Gourmet's position, it had no reason to reach Asiana's arguments concerning canons of construction.

8. Asiana appealed the Singapore International Commercial Court's ruling to the Singapore Court of Appeal. On November 29, 2022, the Court of Appeal dismissed the appeal at the close of the hearing, without issuing a reasoned decision. Attached hereto as **Exhibit 5** is a true and correct copy of the court's order.

9. In May 2021, Gate Gourmet filed proceedings in Korea seeking to enforce its award. The Korean court deferred further hearings in that case pending the outcome in Singapore, in effect staying the enforcement proceedings while the set-aside proceedings in Singapore went forward. Asiana has resisted the enforcement proceedings in Korea and has filed at least two other lawsuits in Korea that, in Gate Gourmet's view, appear designed to frustrate Gate Gourmet's enforcement efforts and/or to undo the outcome of the arbitration through an award of monetary damages. To date, the Korean court has not rendered a decision on Gate Gourmet's enforcement proceedings in that country.

DECLARATION OF ROBERT BRADSHAW

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Venice, Italy, on February 14, 2024.

          *Robert Bradshaw*
          ROBERT BRADSHAW