# EXHIBIT 2

ICC ARBITRATION No. 24544/HTG

GATE GOURMET KOREA CO., LTD.

(Republic of Korea)

Claimant

v.

ASIANA AIRLINES, INC.

(Republic of Korea)

Respondent

---

ADDENDUM TO FINAL AWARD

---

The Arbitral Tribunal

Mr John Beechey CBE
Mr Gary Born
Mr J. William Rowley QC (President)



Exhibit 2, Page 133

# 1. INTRODUCTION

## 1.1 Overview

The present Addendum to the Final Award dated 18 February 2021 ("**Final Award**") is issued in the ICC arbitration no. 24544/HTG between Gate Gourmet Korea, Co. Ltd ("**GGK**" or "**Claimant**") and Asiana Airlines, Inc. ("**Asiana**" or "**Respondent**"). In accordance with Article 36(3) of the 2017 ICC Rules of Arbitration ("**ICC Rules**"), this Addendum constitutes part of the Final Award.

## 1.2 The Parties

### 1.2.1 Claimant

Gate Gourmet Korea Co., Ltd.
103 Gonghangdong-ro
2-gil, Jung-gu
Incheon
Republic of Korea
Tel: + 82 2 6105 2030
Email: rmaurhofer@gategroup.com

### 1.2.2 Respondent

Asiana Airlines, Inc.
443-83 Ojeong-ro, Gangseo-gu
Seoul 07505
Republic of Korea
Attn: Jin Kim / Jinu Park
Email: jinkim@flyasiana.com
Email: jinupark@flyasiana.com

## 1.3 The Parties' Representatives

### 1.3.1 Claimant is represented in this arbitration by:

LALIVE (LONDON) LLP
9 Cloak Lane
London EC4R 2RU
Dr Marc Veit
Mr Timothy L. Foden



Mr Robert Bradshaw

Tel: + 44 20 3880 1540
Email: mveit@lalive.law
Email: tfoden@lalive.law
Email: rbradshaw@lalive.law

LALIVE SA
Stampfenbachplatz 4
P.O. Box 212
8042 Zürich
Switzerland
Mr Philippe Hovaguimian

Tel: + 41 58 105 2000
phovaguimian@lalive.law

1.3.2 **Respondent is represented in this arbitration by:**

BAE, KIM & LEE LLC
26 Ujeongguk-ro, Jongno-gu,
Seoul 03161
Republic of Korea
Mr Hongjoong Kim
Ms Hyunjung Lee
Ms Hyesung Jeong

Tel: + 82 2 3404 0000
Fax: + 82 2 3404 0001
Email: hongjoong.kim@bkl.co.kr
Email: hyunjung.lee@bkl.co.kr
Email: hyesung.jeong@bkl.co.kr

PETER & KIM
1704 Trade Tower
511 Yeongdong-daero, Gangnamer-Gu
Seoul 06164
Republic of Korea
Mr Kap-You (Kevin) Kim

3



Mr John Bang
Mr Mino Han

Tel: + 82 2 538 2900
Fax: + 82 2 538 2901
Email: kevinkim@peterandkim.com
Email: johnbang@peterandkim.com
Email: minohan@peterandkim.com

Avenue de Champel 8C
P.O. Box 71
1211 Geneva 12
Switzerland
Mr Wolfgang Peter
Ms Nhu-Hoang Tran Thang
Mr Ashutosh Ray

Tel : +41 58 317 70 70
Fax: +41 58 317 70 75
Email: wpeter@peterandkim.com
Email: nhtranthang@peterandkim.com
Email: aray@peterandkim.com

### 1.4 The Arbitral Tribunal

The Arbitral Tribunal ("**Tribunal**") has been constituted as follows:

Nominated by Claimant:

Mr John Beechey CBE
Arbitration Chambers
Lamb Building, Third Floor South
Temple, London EC4Y 7AS
United Kingdom
Tel: + 44 7785 700171
Email: jb@beecheyarbitration.com

and

4

Nominated by Respondent:

Mr Gary Born
WILMER CUTLER PICKERING HALE AND DORR LLP
49 Park Lane
London WIK 1PS
United Kingdom
Tel: + 44 207 872 1020
Email: gary.born@wilmerhale.com

who were confirmed by the Secretary General on 19 August 2019, in accordance with Article 13(2) of the ICC Rules.

Nominated jointly as Presiding Arbitrator by the co-arbitrators:

| Mr J. William Rowley QC | |
|---|---|
| Suite 900, 333 Bay Street | 20 Essex Street |
| Arbitration Place | London WC2R 3AL |
| Toronto, Ontario M5H 2R2 Canada | United Kingdom |
| | |
| Tel: +1 416 865 7008 | Tel: + 44 (0)20 7842 6702 |
| Email: wrowley@twentyessex.com | Email: wrowley@twentyessex.com |

who was confirmed by the Secretary General on 1 October 2019.

## 2. PROCEDURAL HISTORY

2.1.1 The Final Award was approved by the Court on 4 February 2021. On 18 February 2021, the Tribunal signed and issued its Final Award in this arbitration. The Final Award was notified to the Parties on 26 February 2021 and was received by Claimant on 1 March 2021 and the Respondent on 2 March 2021.

2.1.2 On 4 March 2021, Claimant filed an Application for Correction ("Correction Application") under Article 36(2) of the ICC Rules with the ICC Secretariat. Claimant requested that the Tribunal correct a clerical error in the total principal and interest at para. 9.3.1 of the Final Award so that the operative part reflected the figures in the Tribunal's reasoning (paras. 3.10.25, 8.4.59 of the Final Award) and Claimant's updated quantification at para. 126(a) of its Rejoinder to Counterclaim. Specifically, the Correction Application requested that para. 9.3.1 be corrected as follows:

5



> *"(a) Respondent shall pay to Claimant the sum of ~~KRW 28,335,526,067.00~~ __KRW 35,799,240,103__ on account of principal under the outstanding invoices for the period 12 September 2018 to ~~30 November 2019~~ __15 October 2020__;*
>
> *(b) Respondent shall pay to Claimant the sum of ~~KRW 562,901,664.00~~ __KRW 3,105,902,561__ on account of interest owing at ~~10 January 2020~~ __30 October 2020__, on the principal amount outstanding on Claimant's invoices at ~~10 January 2020~~ __30 October 2020__;*
>
> *(c) Respondent shall pay to Claimant further simple interest on ~~KRW 28,898,427,731.00~~ __KRW 38,905,142,664__, being the sum of the principal and interest amounts outstanding on ~~10 January 2020~~ __30 October 2020__, accruing at a rate of 8% p.a. above the 3-month KORIBOR from ~~10 January 2020~~ __30 October 2020__ until full and final payment."*

2.1.3  Claimant further requested that, in the event that Respondent contested the Correction Application, Claimant be granted its costs of the application.

2.1.4  On 5 March 2021, the ICC Secretariat sent the Correction Application to the Tribunal and Respondent. The ICC Secretariat requested that the Tribunal set a time limit for Respondent to provide comments and that the Tribunal submit its decision on the Correction Application to the ICC Court within 30 days of that time limit expiring.

2.1.5  By email of the same date, the Tribunal invited Respondent to provide any comments on the Correction Application by 6pm (Singapore time) on 12 March 2021.

2.1.6  On 12 March 2021, Respondent provided its comments on the Correction Application. Respondent asserted that Claimant was seeking substantive amendments to the Final Award. After commenting on Article 36(2) of the ICC Rules, Respondent neither accepted nor contested the Correction Application but expressed its position that:

> *"it is ultimately up to the Tribunal to correct, if it believes it would be necessary, any aspects of the Award that it deems to have been rendered in error, as a result of a clerical, computational or typographical error, or any errors of similar nature."*

2.1.7  Having considered Claimant's Correction Application and Respondent's comments, and for the reasons stated by Claimant in ¶¶ 2, 3 and 4 of its Correction Application, the Tribunal concluded that the correction sought by Claimant was required as the dispositif failed, because of the Tribunal's clerical error, to reflect what the Tribunal had determined in the body of the Final Award.



## 3. DISCUSSION

3.1.1 Article 36 of the ICC Rules (entitled "Correction and Interpretation of the Award; Remission of Awards") provides:

> *"(1) On its own initiative, the arbitral tribunal may correct a clerical, computational or typographical error, or any errors of similar nature contained in an award, provided such correction is submitted for approval to the Court within 30 days of the date of such award.*
>
> *(2) Any application of a party for the correction of an error of the kind referred to in Article 36(1), or for the interpretation of an award, must be made to the Secretariat within 30 days of the receipt of the award by such party, in a number of copies as stated in Article 3(1). After transmittal of the application to the arbitral tribunal, the latter shall grant the other party a short time limit, normally not exceeding 30 days, from the receipt of the application by that party, to submit any comments thereon. The arbitral tribunal shall submit its decision on the application in draft form to the Court not later than 30 days following the expiration of the time limit for the receipt of any comments from the other party or within such other period as the Court may decide."*

3.1.2 The Final Award was received by Claimant on 1 March 2021, so that the time limit for it to request a correction expired on 31 March 2021. Accordingly, Claimant submitted its Correction Application dated 4 March 2021 in a timely manner.

3.1.3 Having considered Claimant's Correction Application of 4 March 2021 and Respondent's Response of 12 March 2021, for the reasons stated in ¶2.1.7 above, the Tribunal concludes that the requested correction requires to be made. It is evident that the Tribunal made a clerical error in the Final Award's dispositif by inserting incorrect figures for outstanding principal and interest, the correct figures for which had been stated in the body of the Final Award. The Tribunal considers that the Parties should bear their own costs of the Correction Application.

## 4. DECISION

4.1.1 Based on the foregoing, the Tribunal grants Claimant's requested corrections in accordance with Article 36(2) of the ICC Rules, replacing para. 9.3.1(a)–(c) of the Final Award with the following text:

7



> *"(a) Respondent shall pay to Claimant the sum of KRW 35,799,240,103 on account of principal under the outstanding invoices for the period 12 September 2018 to 15 October 2020;*
>
> *(b) Respondent shall pay to Claimant the sum of KRW 3,105,902,561 on account of interest owing at 30 October 2020, on the principal amount outstanding on Claimant's invoices at 30 October 2020;*
>
> *(c) Respondent shall pay to Claimant further simple interest on KRW 38,905,142,664, being the sum of the principal and interest amounts outstanding on 30 October 2020, accruing at a rate of 8% p.a. above the 3-month KORIBOR from 30 October 2020 until full and final payment."*

4.1.2   The remainder of the Final Award remains unchanged.



8

Place of arbitration: Singapore                                 Date: 2 April 2021

_____          _____          _____
John Beechey CBE           J. William Rowley QC        Gary Born
                           (Presiding Arbitrator)

CERTIFIED TRUE COPY OF THE ORIGINAL
PARIS, 30 JANUARY 2024

Alexander G. FESSAS
Secretary General
ICC International Court of Arbitration

9