1  Thomas Rubinsky (SBN 302002)
   Thomas.rubinsky@halpernmay.com
2  HALPERN MAY YBARRA GELBERG LLP
   550 South Hope Street, Suite 2330
3  Los Angeles, California 90071
   Telephone:  (213) 402-1900
4  Facsimile:   (213) 402-1901

5  Robert K. Kry (pro hac vice)
   rkry@mololamken.com
6  Jackson A. Myers (pro hac vice)
   jmyers@mololamken.com
7  MOLO LAMKEN LLP
   600 New Hampshire Ave., N.W., Suite 500
8  Washington, D.C. 20037
   Telephone:  (202) 556-2011
9  Facsimile:   (202) 556-2001

10 Attorneys for Petitioner
   GATE GOURMET KOREA CO., LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GATE GOURMET KOREA CO., LTD., a Korean company,<br><br>Petitioner,<br><br>v.<br><br>ASIANA AIRLINES, INC., a Korean company,<br><br>Respondent. | CASE NO. 2:24-cv-01265-RGK-PD<br><br>**PETITIONER'S RESPONSE TO RESPONDENT'S OBJECTIONS TO DECLARATION OF ROBERT BRADSHAW**<br><br>Before: Hon. R. Gary Klausner<br>Date:   June 3, 2024<br>Time:   9:00 a.m.<br>Place:  Courtroom 850, 8th Floor<br>        Roybal Federal Building<br>        and U.S. Courthouse |

**PETITIONER GATE GOURMET'S RESPONSES TO ASIANA'S OBJECTIONS TO THE DECLARATION OF ROBERT BRADSHAW**

| OBJECTED-TO MATERIAL | GROUNDS FOR OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|
| Objection 1:<br><br>5. On August 27, 2020, while the arbitration proceedings were ongoing, Korea's Fair Trade Commission imposed a KRW 32 billion (USD $27 million) fine on Kumho Asiana and referred its former chairman for criminal investigation for, among other things, providing unfair financial support to an affiliate by agreeing to the Catering Agreement on the condition that the counterparty would invest funds in the other affiliate. The Commission's order was publicly reported, including in a news article titled *Kumho Asiana Fined 32 Bln Won for Unfairly Supporting Affiliate*, Yonhap News Agency, Aug. 27, 2020. Attached hereto as Exhibit 3 is a true and correct copy of that article.<br><br>¶ 5, lns. 9-17, Exh. 3 (in its entirety) | **Best Evidence (Fed. R. Evid. 1002, 1003, 1004).** Mr. Bradshaw's statements regarding the content in the news article attached as Exhibit 3 are inadmissible because there is no foundation for admitting his testimony to prove the contents of the news article.<br><br>**Hearsay (Fed. R. Evid. 801, 802).** The news article attached as Exhibit 3 contains inadmissible, out-of-court statements offered to prove the truth of the matters stated.<br><br>**No Authentication (Fed. R. Evid. 901).** Exhibit 3 is not authenticated by any evidence cited by or attached to the declaration. | Exhibit 3 satisfies the best evidence rule. Fed. R. Evid. 1003 (copies admissible).<br><br>Exhibit 3 is not hearsay to the extent it is being offered to show Asiana's notice of the contents of the news report. Fed. R. Evid. 801(c); *United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019); *United States v. Isaacs*, 359 F. App'x 875, 877 (9th Cir. 2009).<br><br>Exhibit 3 is subject to judicial notice. Fed. R. Evid. 201(b)(2); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Rueda Vidal v. U.S. Dep't of Homeland Sec.*, 536 F. Supp. 3d 604, 613 (C.D. Cal. 2021).<br><br>The Bradshaw Declaration sufficiently authenticates Exhibit 3. Fed. R. Evid. 901(b)(1); Bradshaw Decl. ¶1 (personal knowledge); Bradshaw Decl. ¶5 (authenticating exhibit); *see also* Bradshaw Supp. Decl. ¶3. |

| | | |
|---|---|---|
| Objection 2:<br><br>6. On June 11, 2021, Asiana filed an originating summons in the Singapore High Court seeking to set aside the award. Asiana argued principally that there had been a breach of natural justice because the tribunal failed to consider all issues placed before it, in particular, Asiana's alleged argument that the execution of the Catering Agreement reflected an "abuse of power of representation" because an Asiana affiliate also entered into a financing agreement with a Gate Gourmet affiliate. The case was transferred to Singapore's International Commercial Court.<br><br>¶ 6, lns. 21-27 | **Lacks foundation; lacks personal knowledge (Fed. R. Evid. 602).** Mr. Bradshaw has provided no foundation for this statement or that he has personal knowledge of the set-aside proceedings. Indeed, Mr. Bradshaw concedes in paragraph 1 of his declaration that he is only "familiar" with these proceedings. | The Bradshaw Declaration establishes the declarant's personal knowledge of these matters. Fed. R. Evid. 602; Bradshaw Decl. ¶ 1 (familiar with set-aside proceedings as arbitration counsel); *see also* Bradshaw Supp. Decl. ¶ 2. |
| Objection 3:<br><br>7. On May 27, 2022, Singapore's International Commercial Court entered a judgment dismissing the set-aside application. Attached hereto as Exhibit 4 is a true and correct copy of the judgment. The court held that Asiana had failed to show a breach of natural justice because, in | **Lacks foundation; lacks personal knowledge (Fed. R. Evid. 602).** Mr. Bradshaw has provided no foundation for these statements or that he has personal knowledge of the set-aside proceedings. Indeed, Mr. Bradshaw concedes in paragraph 1 of his declaration that he is only "familiar" with these proceedings. | The Bradshaw Declaration establishes the declarant's personal knowledge of these matters. Fed. R. Evid. 602; Bradshaw Decl. ¶ 1 (familiar with set-aside proceedings as arbitration counsel); *see also* Bradshaw Supp. Decl. ¶ 2.<br><br>Exhibit 4 satisfies the best evidence rule. Fed. R. Evid. 1003 (copies admissible). |

| | | |
|---|---|---|
| the arbitration, Asiana had not argued that there was in fact an "abuse of power of representation" or that the Catering Agreement was invalid on these grounds; at most, it had raised the potential of an "abuse of power of representation" as a reason to construe any ambiguity in the Catering Agreement in its favour. As the tribunal had concluded that the text of the Catering Agreement unambiguously favoured Gate Gourmet's position, it had no reason to reach Asiana's arguments concerning canons of construction.<br><br>¶ 7, lns. 1-10, Exh. 4 (in its entirety) | **Best Evidence (Fed. R. Evid. 1002, 1003, 1004).** Mr. Bradshaw's statements regarding the supposed content of the referenced judgment attached as Exhibit 4 are inadmissible because there is no foundation for admitting his testimony to prove the contents of the judgment.<br><br>**No Authentication (Fed. R. Evid. 901).** Exhibit 4 is not authenticated by any evidence cited by or attached to the declaration. | The Bradshaw Declaration sufficiently authenticates Exhibit 4.  Fed. R. Evid. 901(b)(1); Bradshaw Decl. ¶1 (familiar with set-aside proceedings as arbitration counsel); Bradshaw Decl. ¶7 (authenticating exhibit); *see also* Bradshaw Supp. Decl. ¶2; Liew Decl. ¶2. |
| Objection 4:<br><br>8. Asiana appealed the Singapore International Commercial Court's ruling to the Singapore Court of Appeal. On November 29, 2022, the Court of Appeal dismissed the appeal at the close of the hearing, without issuing a reasoned decision. Attached hereto as Exhibit 5 is a true and correct copy of the court's | **Lacks foundation; lacks personal knowledge (Fed. R. Evid. 602).** Mr. Bradshaw has provided no foundation for these statements or that he has personal knowledge of the set-aside proceedings. Indeed, Bradshaw concedes in paragraph 1 of his declaration that he is only "familiar" with these proceedings. | The Bradshaw Declaration establishes the declarant's personal knowledge of these matters.  Fed. R. Evid. 602; Bradshaw Decl. ¶1 (familiar with set-aside proceedings as arbitration counsel); *see also* Bradshaw Supp. Decl. ¶2.<br><br>The Bradshaw Declaration sufficiently authenticates Exhibit 5.  Fed. R. Evid. 901(b)(1); Bradshaw Decl. ¶1 (familiar with set-aside proceedings as arbitration |

| | | |
|---|---|---|
| order.<br><br>¶ 8, lns. 11-14, Exh. 5 (in its entirety) | **No Authentication (Fed. R. Evid. 901).** Exhibit 5 is not authenticated by any evidence cited by or attached to the declaration. | counsel); Bradshaw Decl. ¶ 8 (authenticating exhibit); *see also* Bradshaw Supp. Decl. ¶ 2; Liew Decl. ¶ 2. |
| Objection 5:<br><br>9. In May 2021, Gate Gourmet filed proceedings in Korea seeking to enforce its award. The Korean court deferred further hearings in that case pending the outcome in Singapore, in effect staying the enforcement proceedings while the set-aside proceedings in Singapore went forward. Asiana has resisted the enforcement proceedings in Korea and has filed at least two other lawsuits in Korea that, in Gate Gourmet's view, appear designed to frustrate Gate Gourmet's enforcement efforts and/or to undo the outcome of the arbitration through an award of monetary damages. To date, the Korean court has not rendered a decision on Gate Gourmet's enforcement proceedings in that country.<br><br>¶ 9, lns. 15-23 | **Lacks foundation; lacks personal knowledge (Fed. R. Evid. 602).** Mr. Bradshaw has provided no foundation for these statements or that he has personal knowledge of the referenced proceedings. Indeed, Mr. Bradshaw concedes in paragraph 1 of his declaration that he is only "familiar" with these proceedings. | The Bradshaw Declaration establishes the declarant's personal knowledge of these matters. Fed. R. Evid. 602; Bradshaw Decl. ¶ 1 (familiar with set-aside proceedings as arbitration counsel); *see also* Bradshaw Supp. Decl. ¶ 2. |

-6-

DATED: May 20, 2024                    HALPERN MAY YBARRA GELBERG LLP

By:    */s/ Thomas Rubinsky*
        THOMAS RUBINSKY

*Attorneys for Petitioner*
*GATE GOURMET KOREA CO., LTD.*

---

RESPONSE TO OBJECTIONS TO DECLARATION OF ROBERT BRADSHAW