Thomas Rubinsky (SBN 302002)
Thomas.rubinsky@halpernmay.com
HALPERN MAY YBARRA GELBERG LLP
550 South Hope Street, Suite 2330
Los Angeles, California 90071
Telephone:  (213) 402-1900
Facsimile:   (213) 402-1901

Robert K. Kry (pro hac vice)
rkry@mololamken.com
Jackson A. Myers (pro hac vice)
jmyers@mololamken.com
MOLO LAMKEN LLP
600 New Hampshire Ave., N.W., Suite 500
Washington, D.C. 20037
Telephone:  (202) 556-2011
Facsimile:   (202) 536-2011

Attorneys for Petitioner
GATE GOURMET KOREA CO., LTD.

David J. Farkas (SBN 203821)
dfarkas@nossaman.com
NOSSAMAN LLP
777 S. Figueroa Street, 34th Floor
Los Angeles, CA  90017
Telephone: (213) 612-7800
Facsimile:  (213) 612-7801

David C. Lee (SBN 193743)
dlee@nossaman.com
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, CA  94111
Telephone: (415) 398-3600
Facsimile:  (415) 398-2438

Attorneys for Respondent
ASIANA AIRLINES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GATE GOURMET KOREA CO., LTD., a Korean company,<br><br>    Petitioner,<br><br> v.<br><br>ASIANA AIRLINES, INC., a Korean company,<br><br>    Respondent. | Case No. 2:24-cv-01265-RGK-PD<br><br>**JOINT STIPULATION TO ADJOURN HEARING AND STAY PROCEEDINGS** |

1 Pursuant to the Local Rules and this Court's Standing Order Regarding Newly Assigned Cases, Petitioner Gate Gourmet Korea Co., Ltd. ("Gate Gourmet") and Respondent Asiana Airlines, Inc. ("Asiana"), by and through undersigned counsel, hereby stipulate as follows:

WHEREAS Gate Gourmet filed its petition in this matter on February 15, 2024, seeking to enforce an arbitral award issued by the International Chamber of Commerce in the matter captioned *Gate Gourmet Korea Co., Ltd. v. Asiana Airlines, Inc.*, ICC Arbitration No. 24544HTG (ECF No. 1);

WHEREAS on March 27, 2024, this Court granted the parties' joint stipulation to extend the briefing schedule on the petition and to set a hearing date of June 3, 2024 (ECF No. 29);

WHEREAS on April 22, 2024, the Court denied the parties' joint stipulation to further extend the briefing schedule on the petition and to adjourn the hearing date accordingly (ECF No. 31);

WHEREAS Asiana filed an opposition to the petition on May 2, 2024, as corrected May 3, 2024 (ECF Nos. 32, 36);

WHEREAS Gate Gourmet filed a reply in support of the petition on May 20, 2024 (ECF No. 37);

WHEREAS as set forth at greater length in the accompanying declaration of Gate Gourmet's General Counsel Lin Zhurong James ("Lin Decl."), the parties have been earnestly engaged for several weeks in settlement discussions in an effort to resolve this matter, Lin Decl. ¶4;

WHEREAS on May 16, 2024, the parties executed a confidential Interim Settlement Agreement that (1) required Asiana to comply with certain obligations in connection with the arbitral award within seven days; (2) required Gate Gourmet to forbear from taking certain actions in connection with the award; (3) provided that the parties would continue to negotiate in good faith for a final and conclusive resolution of the pending matters; and (4) contemplated that the final settlement agreement would

provide for the withdrawal, suspension, or termination of these United States enforcement proceedings without prejudice, Lin Decl. ¶6;

   WHEREAS on May 17, 2024, Asiana complied with the obligations specified in the Interim Settlement Agreement referenced in point (1) above, Lin Decl. ¶7;

   WHEREAS on May 21, 2024, the parties' representatives met in person in Singapore to continue to negotiate in good faith for a final and conclusive resolution of the pending matters as contemplated by the Interim Settlement Agreement, Lin Decl. ¶8;

   WHEREAS the parties remain optimistic that they will be able to reach a final agreement in principle fully resolving this dispute and providing for the withdrawal of this enforcement proceeding without prejudice, Lin Decl. ¶8;

   WHEREAS the parties will require some time upon reaching an agreement in principle to document and execute the final settlement agreement, Lin Decl. ¶9;

   WHEREAS the parties seek to avoid burdening the Court with considering and resolving the issues raised by Gate Gourmet's petition and Asiana's response when a final settlement agreement will render those issues moot in these proceedings;

   WHEREAS the parties seek to avoid incurring unnecessary legal expenses in connection with preparing for and attending the currently scheduled hearing on Gate Gourmet's petition;

   WHEREAS this Court has broad authority to stay or adjourn pending proceedings to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Therabody, Inc. v. Aduro Prod., LLC*, No. 222CV00596, 2022 WL 3137716, at *4 (C.D. Cal. June 2, 2022) (Klausner, J.) (noting Court's "broad discretion to stay proceedings as an incident to its power to control its own docket").

   WHEREAS the parties' execution of the Interim Settlement Agreement and ongoing good-faith discussions over the final settlement agreement constitute good cause to adjourn the scheduled hearing and for a brief stay of further proceedings in this case, *see, e.g., United State v. Prime Healthcare Servs., Inc.*, No. 518CV00371, 2021

WL 9406128, at *2 (C.D. Cal. Feb. 22, 2021) (Klausner, J.) (noting that "in light of the parties' purportedly impending settlement, the Court continued the hearing dates on the Motions"); *Bright v. Garberg*, No. CV 10-7933, 2014 WL 11497797, at *1 (C.D. Cal. Feb. 24, 2014) (Klausner, J.) (noting that "the Court granted a stipulation to stay proceedings pending approval of a settlement between the parties");

WHEREAS the parties have not previously sought a stay of proceedings and have not previously sought an adjournment of the hearing date except in connection with their request to extend the briefing schedule as set forth above (which briefs have now been duly filed on the schedule set by the Court); and

WHEREAS the parties accordingly seek an adjournment of the currently scheduled hearing date and a brief, 60-90 day stay of further proceedings to permit them to conclude their ongoing negotiations and to prepare and execute a final settlement agreement;

It is HEREBY STIPULATED AND AGREED that, subject to the Court's approval of this stipulation:

1. The hearing on Gate Gourmet's petition scheduled for June 3, 2024, is hereby ADJOURNED sine die;
2. All further proceedings in this matter are hereby STAYED for a period of 60-90 days (to be specified by the Court) from the date of the Court's approval of this stipulation;
3. The parties may jointly request that the Court vacate the stay prior to its expiration to permit the entry of a joint stipulation dismissing this proceeding without prejudice;
4. Absent such a request, the parties shall submit a joint status report to the Court regarding their efforts to reach a final settlement no later than seven days prior to the expiration of the stay.

| | | |
|---|---|---|
| 1 | DATED: May 24, 2024 | HALPERN MAY YBARRA GELBERG LLP |
| 2 | | |
| 3 | | By: */s/ Thomas Rubinsky* |
| 4 | |        THOMAS RUBINSKY |
| 5 | | *Attorneys for Petitioner* |
| 6 | | GATE GOURMET KOREA CO., LTD. |
| 7 | | |
| 8 | DATED: May 24, 2024 | NOSSAMAN LLP |
| 9 | | |
| 10 | | By: */s/ David J. Farkas* |
| | |        DAVID J. FARKAS |
| 11 | | |
| 12 | | *Attorneys for Respondent* |
| | | ASIANA AIRLINES, INC. |
| 13 | | |

\* Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.