1  Thomas Rubinsky (SBN 302002)
   Thomas.rubinsky@halpernmay.com
2  HALPERN MAY YBARRA GELBERG LLP
   550 South Hope Street, Suite 2330
3  Los Angeles, California 90071
   Telephone:  (213) 402-1900
4  Facsimile:  (213) 402-1901

5  Robert K. Kry (pro hac vice)
   rkry@mololamken.com
6  Jackson A. Myers (pro hac vice)
   jmyers@mololamken.com
7  MOLO LAMKEN LLP
   600 New Hampshire Ave., N.W., Suite 500
8  Washington, D.C. 20037
   Telephone:  (202) 556-2011
9  Facsimile:  (202) 536-2011

10 Attorneys for Petitioner
   GATE GOURMET KOREA CO., LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GATE GOURMET KOREA CO., LTD., a Korean company,<br><br>   Petitioner,<br><br>   v.<br><br>ASIANA AIRLINES, INC., a Korean company,<br><br>   Respondent. | CASE NO. 2:24-cv-01265-RGK-PD<br><br>**DECLARATION OF LIN ZHURONG JAMES IN SUPPORT OF JOINT STIPULATION TO ADJOURN HEARING AND STAY PROCEEDINGS** |

## DECLARATION OF LIN ZHURONG JAMES

I, LIN ZHURONG JAMES, declare and state as follows:

1. I am the General Counsel for the Asia-Pacific region of the Gategroup group of companies, which includes the petitioner Gate Gourmet Korea Co., Ltd. ("Gate Gourmet"). I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify competently thereto.

2. On February 15, 2024, Gate Gourmet filed a petition in this Court seeking to enforce an arbitral award dated February 18, 2021, that a tribunal of the International Chamber of Commerce rendered in favor of Gate Gourmet and against respondent Asiana Airlines, Inc. ("Asiana").

3. The following day, February 16, 2024, a Korean district court issued a decision confirming the same award in Gate Gourmet's favor. Asiana has appealed that decision.

4. Soon after the Korean court's decision, Gate Gourmet and Asiana began discussions in earnest to reach a settlement of this matter that would resolve not only Gate Gourmet's rights under the arbitral award but also the ongoing proceedings in this Court, in the Korean courts, and in the Singapore courts. As Gategroup's General Counsel for the Asia-Pacific region, I was directly involved in many of those discussions and have personal knowledge of the discussions in which I participated.

5. As the settlement discussions proceeded, Gate Gourmet and Asiana decided to structure the settlement around an interim settlement agreement that would impose certain obligations on the parties, followed by a final settlement agreement that would conclusively resolve the pending matters.

6. On May 16, 2024, the parties executed a confidential Interim Settlement Agreement. I personally participated in the negotiation and drafting of that agreement and have reviewed the terms of the executed version. Among other things, the Interim Settlement Agreement (1) required Asiana to comply with certain obligations in connection with the arbitral award within seven days; (2) required Gate Gourmet to

forbear from taking certain actions in connection with the award; (3) provided that the parties would continue to negotiate in good faith for a final and conclusive resolution of the pending matters; and (4) contemplated that the final settlement agreement would provide for the withdrawal, suspension, or termination of these United States enforcement proceedings without prejudice.

7. I understand that, on May 17, 2024, Asiana complied with the obligations specified in the Interim Settlement Agreement that are referenced in point (1) of the preceding paragraph.

8. On May 21, 2024, I participated in a meeting in Singapore with Asiana's general counsel, along with other representatives of both parties, to continue to negotiate in good faith over a final and conclusive resolution of the pending matters.  I anticipate that further discussions will take place over the coming weeks.  I am optimistic that the parties will be able to reach a final agreement in principle that fully resolves this dispute.  I anticipate that any such agreement would provide for the withdrawal of this United States enforcement proceeding without prejudice.

9. Once the parties reach an agreement in principle concerning the final settlement of this matter, I expect that the parties will require some time to prepare a formal settlement agreement and then execute that agreement.  I am cautiously optimistic that this entire process will be concluded within approximately the next 60 to 90 days.

//
//
//
//
//
//
//
//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Indonesia on May 24, 2024.

_____
LIN ZHURONG JAMES