UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-01265-RGK-PD | Date | June 17, 2024 |
|---|---|---|---|
| Title | *Gate Gourmet Korea Co., Ltd. v. Asiana Airlines, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Re: Petition to Enforce Arbitral Award [DE 1]

## I.  INTRODUCTION

On February 15, 2024, Gate Gourmet Korea Co., Ltd. ("Petitioner") filed the instant Petition to Enforce an Arbitral Award issued by the International Chamber of Commerce ("ICC") in Singapore against Asiana Airlines, Inc. ("Respondent"). (ECF No. 1.) The parties have fully briefed the Petition. (ECF Nos. 36, 37.) For the following reasons, the Court **GRANTS** the Petition.

## II.  FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted:

Petitioner is a South Korean catering company serving the airline industry. (Lin Decl. ¶ 1, ECF No. 3.) Respondent is a South Korean airline. (J. Kim Decl. ¶ 4, ECF No. 32-1.) Their arbitration arose out of a dispute over the terms of a December 30, 2016 Catering Agreement (the "Agreement"). (Lin Decl., Ex. A (hereinafter "Agreement"), ECF No. 3-1.)

Under the Agreement, Petitioner had an exclusive right to cater food and beverages on Respondent's flights. (*Id.* § 1.1.) Respondent was required to cover Petitioner's costs, as well as pay a net profit based on the number of passengers and crew. (*Id.* §§ 6.4.1, 6.4.2.) The cost and net profit figures were set forth in an attached Business Plan. (*Id.* at Annex 1.4.) And the Business Plan was to be adjusted in 2018 and 2020 to reflect "any changes to costs elements and passenger numbers based on the actual results." (*Id.*) But "the net profit committed in the Business Plan [was to] be preserved." (*Id.*) The Agreement is governed by the laws of Korea, and any disputes must be settled through arbitration by the ICC in Singapore. (*Id.* § 28.)

Things went south in 2018 when the parties met to discuss the Business Plan adjustments. Petitioner sought to adjust only the costs elements and passenger numbers based on actual results. (Bradshaw Decl., Ex. 1 (hereinafter "Award") § 3.8.1, ECF No. 2-1.) Respondent, on the other hand,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01265-RGK-PD | Date | June 17, 2024 |
|---|---|---|---|
| Title | *Gate Gourmet Korea Co., Ltd. v. Asiana Airlines, Inc.* | | |

insisted on renegotiating the net profit. (*Id.* § 3.8.3.) Neither party budged. (*Id.* § 3.10.20.) Petitioner invoiced Respondent under the terms of the Agreement. (*Id.* § 3.9.7.) Respondent made only partial payments and continued to demand "significant changes" to the Business Plan. (*Id.* §§ 3.10.3, 3.10.9.)

On June 17, 2019, Petitioner initiated arbitration with the ICC in Singapore seeking full payment of its invoices. (*Id.* § 2.1.1.) On February 18, 2021, an arbitration panel issued its final decision (the "Award") in Petitioner's favor. (*Id.* § 9.3.1.) The panel held that the Agreement unambiguously stated that the net profit figure would be fixed for the duration of the Agreement; therefore, Respondent owed the balance on Petitioner's invoices. (*Id.* §§ 8.1.10–8.1.13.) Accordingly, the panel awarded Petitioner compensatory damages of approximately 38.9 billion Korean won ("KRW")[1] plus interest, as well as costs of approximately 1.5 million British pounds ("GBP"), 1.1 million U.S. dollars ("USD"), and 7 thousand Singapore dollars ("SGD"), plus interest. (*Id.* § 9.3.1; Bradshaw Decl., Ex. 2 (hereinafter "Award Addendum") § 4.1.1, ECF No. 2-2.)

Notwithstanding the Award, a series of related criminal and civil proceedings ensued.

On the criminal side, in May 2021, Korean prosecutors indicted Respondent's CEO, as well as three employees of Respondent's affiliates, for embezzlement, breach of trust, and anti-trust violations. (J. Kim Decl., Ex. 8 (hereinafter "Indictment") at 2–4, ECF No. 32-9.) Among other nefarious activities, these criminal defendants had apparently used the Agreement—a lucrative catering contract—to persuade Petitioner to invest 160 billion KRW into the CEO's other corporation, Kumho Holdings. (*Id.* at 17–18.) On August 17, 2022, a Korean court convicted the criminal defendants and sentenced them to imprisonment. (J. Kim Decl., Ex. 9 at 4, ECF No. 32-10.)

On the civil side, Petitioner and Respondent squared off in multiple courts in Korea and Singapore. To start, Petitioner brought an action in Korea to enforce the Award. (S. Kim Decl., Ex. 1 (hereinafter "Seoul Decision") at 1, ECF No. 37-2.) Respondent opposed, alleging Petitioner had participated in the criminal scheme and, therefore, (1) enforcement of the Award would violate Korean public policy, and (2) the underlying Agreement is void under Korean law. (*Id.* at 9.) The Korean court disagreed, holding that there was no reason to refuse enforcement, because even if Petitioner had known about the scheme, Petitioner neither incited nor abetted the criminal conduct. (*Id.* at 11–12.) Accordingly, the court ruled in Petitioner's favor. (*Id.*) That decision is being appealed. (J. Kim Decl. ¶ 28.)

In contrast to Petitioner's success, Respondent's actions failed at every step. First, Respondent filed an action in Singapore to set aside the award. (Bradshaw Decl., Ex. 4 (hereinafter "SICC Decision") at 5, ECF No. 2-4.) The Singapore International Commercial Court dismissed the action. (*Id.*

---

[1] The panel originally awarded Petitioner 28.3 billion KRW, but this was increased to 38.9 billion KRW after the panel corrected a clerical error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01265-RGK-PD | Date | June 17, 2024 |
|---|---|---|---|
| Title | *Gate Gourmet Korea Co., Ltd. v. Asiana Airlines, Inc.* | | |

at 52.) And when Respondent appealed, the Singapore Court of Appeal dismissed the appeal. (Bradshaw Decl., Ex. 5 at 2, ECF No. 2-5.) Respondent next filed two actions in Korea: one to rescind the Agreement and the other to obtain damages against Petitioner. (J. Kim Decl. ¶ 26.) In response, Petitioner filed an anti-suit injunction in Singapore to halt those proceedings on the ground that the matters were subject to arbitration. (*Id.* ¶ 27.) The Singapore court issued the injunction. (*Id.*) That decision is also being appealed. (*Id.*)

Petitioner brings the instant action to enforce the Award and collect against Respondent's property in the United States.

### III.  JUDICIAL STANDARD

Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), a party may petition a district court to confirm a foreign arbitral award. 9 U.S.C. § 207. The court's review of the award is limited: "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id.* In light of an "emphatic federal policy" favoring enforcement of arbitral awards, courts construe the grounds for refusal or deferral narrowly. *Hawaiian Host, Inc. v. Citadel Pac. Ltd.*, 637 F. Supp. 3d 1083, 1095 (D. Haw. 2022) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). The party resisting enforcement bears a "substantial burden" of proving that at least one of those grounds applies. *Castro v. Tri Marine Fish Co. LLC*, 921 F.3d 766, 773 (9th Cir. 2019).

### IV.  DISCUSSION

The parties do not dispute that the New York Convention governs this Petition. Under the Convention, the Court must enforce the Award unless one of seven grounds for nonenforcement specified in the Convention applies. *See* N.Y. Convention, art. V. Respondent raises two such grounds: (1) recognition of the Award would be contrary to United States public policy, and (2) the Agreement is invalid under Korean law. The Court addresses these arguments in turn.

#### A.  Public Policy

Under the New York Convention, a court may refuse to enforce a foreign arbitral award if enforcement would contravene the forum country's public policy. N.Y. Convention, art. V(2)(b). "[T]his defense is construed narrowly. It applies only when confirmation or enforcement . . . would violate the forum state's most basic notions of morality and justice." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1097 (9th Cir. 2011) (internal quotation marks and citations omitted). "Although this defense is frequently raised, it has rarely been successful." *Id.* (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01265-RGK-PD | Date | June 17, 2024 |
|---|---|---|---|
| Title | *Gate Gourmet Korea Co., Ltd. v. Asiana Airlines, Inc.* | | |

Respondent argues that enforcing the Award would contravene United States public policy "designed to exact punishment for, and deter, financial crimes, not reward such crimes, as well as allow for civil and monetary redress of losses occasioned by such crimes." (Answer at 16, ECF No. 36.) As support, Respondent lists out various federal and state statutes criminalizing racketeering, bribery, fraud, and embezzlement. Respondent explains that criminal activity had caused Respondent to be an "unwitting party" to the Agreement, and Petitioner has "weaponized" the Agreement to Respondent's "grave financial loss." (*Id.*)

The problem with that argument is, of course, the criminal acts were committed by Respondent's own CEO and affiliate employees. Whereas those individuals were convicted of embezzlement, breach of trust, and anti-trust violations, no charges were brought against Petitioner or its employees. Significantly, the Korean court reviewing the record found that Petitioner neither incited nor abetted the criminal scheme. (Seoul Decision at 12.) Although the crimes and convictions occurred in Korea, Respondent invites this Court to disregard the decisions of Korean prosecutors and Korean courts and hold Petitioner responsible for crimes perpetrated by Respondent's own CEO—an invitation the Court declines.

What is more, the public policy defense applies only to "violations of an explicit public policy that is well-defined and dominant and is ascertained by reference to the laws and legal precedents." *Hawaiian Host, Inc.*, 637 F. Supp. 3d at 1102 (D. Haw. 2022) (internal quotation marks omitted) (quoting *Cvoro v. Carnival Corp.*, 941 F.3d 487, 496 (11th Cir. 2019)). Merely listing statutes is not enough. *BU8 Sdn. Bhd. v. CreAgri, Inc.*, 2015 WL 1010090, at *7–8 (N.D. Cal. Mar. 6, 2015). Respondent cites no case law to support its purported public policy. Nor does Respondent show that the policy is "well-defined and dominant." Without a sufficiently clear and forceful public policy, Respondent has no public policy defense.

Accordingly, the Court rejects Respondent's public policy argument. The Court next addresses Respondent's invalidity argument.

### B.     Invalidity

A court may refuse to enforce an award if the underlying arbitration agreement "is not valid under the law to which the parties have subjected it." N.Y. Convention, art. V(1)(a). Here, Respondent contends that the entire Agreement, not just the arbitration clause, is invalid under Korean law. The parties dispute whether this defense can be based on an attack on the broader contract. The Court need not resolve this dispute, however, because Respondent's argument fails on a different ground.

Respondent's argument is based entirely on a declaration from Korean law professor Hongki Kim, who opines that the Agreement is invalid under Korean law because it arose out of the unlawful conduct of Respondent's CEO. But Respondent made this exact argument before a Korean court in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01265-RGK-PD | Date | June 17, 2024 |
|---|---|---|---|
| Title | *Gate Gourmet Korea Co., Ltd. v. Asiana Airlines, Inc.* | | |

Petitioner's action to enforce the Award in Korea. (Seoul Decision at 9.) The Korean court ruled that the Agreement is valid and enforceable by Petitioner under Korean law. (*Id.* at 12.) Although Professor Kim's opinion has some persuasive value, the Court defers to the Korean court's ruling on this matter.

Accordingly, the Court also rejects Respondent's invalidity argument. As both of Respondent's arguments against enforcement fail, the Court **GRANTS** the Petition.

### C. Exchange Rate

As a final matter, Petitioner requests that the Award be converted to USD, thus the Court must determine what exchange rates to use for the conversion. Petitioner seeks to use rates effective on the date of the Award; Respondent seeks to use rates effective on the date of this Court's judgment. Because KRW, GBP, and SGD have all depreciated against USD, using the award date rates will result in a larger judgment than using the judgment date rates.

In actions to enforce a foreign arbitral award, when a foreign currency has depreciated against the dollar between the award date and the judgment date, courts regularly apply the award date rates. *See, e.g.*, *Galaxia Elecs. Co. v. Luxmax, U.S.A.*, 2023 WL 2347085, at *28 (C.D. Cal. Feb. 1, 2023) (collecting cases); *see also* Restatement (Third) of Foreign Relations Law § 823 (1987) ("[T]he conversion . . . is to be made at such rate as to make the creditor whole and to avoid rewarding a debtor who has delayed in carrying out the obligation.").

Accordingly, the Award shall be converted to USD using the exchange rates effective on February 18, 2021, the date of the Award.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition. Petitioner shall lodge a proposed judgment, consistent with this Order, within **seven (7) days**.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | JRE/dc |